John J. Dillon, S.
The surviving income beneficiaries of the trust created under article “ seventh ” of the testator’s will have instituted this proceeding to obtain a determination as to whether any portion of the stock distributions by Standard Oil Co. of New Jersey, Inc. on June 13, 1951 and January 10, 1956, and by General Electric Co., Inc. on' June 11, 1954 constitute stock dividends, and if so, what portion, if any of the stock dividends are allocable to income.
The testator died a resident of Westchester County on December 8, 1918 and his will and two codicils thereto dated July 30, 1917, December 20, 1917 and January 14, 1918, respectively, were duly admitted to probate pursuant to a decree of this court dated October 22,1919. The stock distributions involved in this proceeding have been the frequent subject of litigation and it has been held that such distributions constitute stock dividends as distinguished from stock splits since in each instance the issuance of the additional shares of stock was accomplished to some extent through the capitalization of accumulated profits. (Matter of Fosdick, 4 N Y 2d 646 and cases cited therein; Matter of Berger, 6 Misc 2d 468 and cases cited therein; Matter of Blake, 14 Misc 2d 169 and cases cited therein.) Under section 17-a of the Personal Property Law, unless otherwise provided in the will, the aforesaid stock dividends would be allocable to *41 principal. However, since the testator died prior to the enactment of section 17-a of the Personal Property Law, and since his will contained no provision governing the disposition of stock dividends, the rule set forth in Matter of Osborne (209 N. Y. 450) is controlling. That rule, as amplified by later decisions, in effect provides that to the extent that a stock dividend represents the capitalization of earnings accruing subsequent to the acquisition of the stock by the trust, it is allocable to income.
Standard Oil Co. of New Jersey, Inc. doubled the number of its issued shares of common stock outstanding in 1951 and it tripled the number of such shares outstanding in 1956. The corporation was recapitalized in both instances by transferring assets to its capital account from its capital surplus and its earned surplus accounts.
In 1954 General Electric Co. Inc. was recapitalized and three shares of $5 par value stock was exchanged for each share of the outstanding no par value stock. This recapitalization was accomplished by the company transferring assets from its earned surplus account to its capital account.
The petitioner has proposed to allocate all three of the aforesaid stock dividends in accordance with the accepted practice so that the stock which was issued as the result of the transfer to capital of the earned surplus and capital surplus which accrued subsequent to the date of acquisition of the original stock, is payable to the income beneficiaries and the remainder of the stock is retained as trust principal.
The court is in accord with the method of allocation proposed by the petitioner and determines that pursuant to such method a total of 114 shares of Standard Oil Co. Inc., common stock should be delivered to the income beneficiaries and a total of 175 shares of General Electric Go. Inc., common stock should be delivered to the income beneficiaries.
Settle decree.